IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRUCE ALLEN ENGLESBY,

                                                                     OPINION AND ORDER

                Plaintiff,

                                                                     20-cv-221-bbc

    v.

ROYAL CREDIT UNION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Bruce Allen Englesby brings this lawsuit under the Americans with Disabilities Act, contending that defendant Royal Credit Union failed to honor three checks that plaintiff sent to his autistic son's care provider. Plaintiff says that he had enough money in his account to cover the checks, and that defendant's failure to honor the checks violated the Americans with Disabilities Act. Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      Plaintiff's allegations do not state a claim under the Americans with Disabilities Act. Title III of the Americans with Disabilities Act applies to entities that provide public services and accommodations, and it prohibits discrimination against individuals "on the basis of disability." 42 U.S.C. § 12182(a). To state a claim under Title III, plaintiff would need to allege facts suggesting that defendant denied him a public accommodation or service on the basis of disability. Plaintiff's allegations do not meet this standard. He does not allege any

1

facts suggesting that defendant failed to honor his checks because he or his son has a disability, or that defendant would have honored his checks if he or his son did not have a disability. A.H. by Holzmueller v. Illinois High Sch. Ass'n, 881 F.3d 587, 593 (7th Cir. 2018) (to succeed on claim under Article III of the Americans with Disabilities Act, plaintiff must "prove that 'but for' his disability, he would have been able to access the services or benefits desired"). Therefore, plaintiff may not proceed with a claim under the Americans with Disabilities Act. Nor do plaintiff's allegations clearly support any other federal claim against defendant. Accordingly, I will dismiss this case.

ORDER

IT IS ORDERED that plaintiff Bruce Allen Englesby's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 1st day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge